[Cite as *State v. French*, 2020-Ohio-3653.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KEVIN FRENCH | : | Case No. 2020-CA-0002 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County
                             Court of Common Pleas, Case No.
                             2019-CR-449

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            July 8, 2020

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

GARY BISHOP                             DARIN AVERY
Prosecuting Attorney                    105 Sturges Avenue
Richland County, Ohio                   Mansfield, Ohio 44903

By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

**{¶1}** Plaintiff-appellant State of Ohio appeals from the January 3, 2020 Judgment Entry granting the Motion to Suppress filed by defendant-appellee Keven French.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 24, 2019, the Richland County Grand Jury indicted appellee on one count of possession of heroin in violation of R.C. 2925.11(A) & (C)(6)(c), a felony of the third degree, one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A) and (C)(11)(c), a felony of the third degree, and one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree. The indictment also contained forfeiture specifications. At his arraignment on July 9, 2019, a waiver of arraignment was filed.

**{¶3}** Appellee, on September 12, 2019, filed a Motion to Suppress and/or Dismiss. A suppression hearing was held on December 30, 2019.

**{¶4}** At the suppression hearing, Patrolman Nicholas Stevens of the Mansfield Police Department testified that, on May 25, 2019, he was dispatched to a single-family home in Mansfield in response to a report that a male in a silver Pontiac was overdosed. When he arrived on the scene, he found appellee in the driver's seat of the car in the driveway. Appellee was conscious but "kind of out of it," had slurred speech, was lethargic and staring blankly. Transcript at 5. Appellee did not need to be transported to the hospital. Officer Scott Kotterman also arrived on the scene and the officers interviewed appellee. Appellee became upset when he learned that the police would search his car and started swearing.

**{¶5}** Appellee was arrested for intoxication and for marijuana that he admitted was in his car. At that point, the officer had no intention of going into the house.

**{¶6}** At some point, appellee's father showed up and was upset because appellee had ongoing issues with drugs and getting into trouble with the police. Officer Kotterman testified that appellee's father said that he owned the house and wanted "all this shit out of his house and he wanted [appellee] out of the house…." Transcript at 29. He asked the police to come inside and do a walk through. The police never asked appellee if they could search the house.

**{¶7}** Appellee's father then proceeded to lead Officer Kotterman through the house. Appellee's father testified that he was hoping that they would find something to make appellee go into treatment, such as drugs. During the home tour, Officer Kotterman located suspected drugs on a dresser and on a cabinet. Appellee's father indicated that he wanted the illegal stuff out of the house.

**{¶8}** Appellee's father testified that he did not reside at the property, but still owned it. He testified that he had owned the property for almost 30 years and that after he moved out in 2002 or 2003 after living in it for 10 years, he let appellee have it rent-free and told him to pay the property taxes. Appellee had not done so for 2018 or 2019. Appellee's father retained title to the property, but had not spent the night there and had nothing to do with the house. He testified that he allowed appellee control over the house and the premises and had no personal or other items there. He had no keys to the house and referred to the house as appellee's. He testified that he was trying to get the junkies that appellee allowed in the house out of the house. At the time of the hearing, appellee's father was trying to evict appellee's girlfriend from the house.

**{¶9}** After the police search of the home, appellee yelled at his father for letting the police in the house. However, he had not objected prior.

**{¶10}** Following the hearing, the trial court, via a Judgment Entry filed on January 3, 2020, granted the Motion to Suppress, finding that appellee's father did not have common authority in the residence in order to permit a search of appellee's home by consent.

**{¶11}** Appellant now appeals, raising the following assignment of error on appeal:

**{¶12}** "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS."

I

**{¶13}** Appellant, in its sole assignment of error, argues that the trial court erred in granting the Motion to Suppress.

**{¶14}** Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State*

*v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

**{¶15}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *See State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See Williams, supra*. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

**{¶16}** At issue in this case is whether or not appellee's father had authority to consent to the search of the house.

**{¶17}** Generally, "searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371 (1980). It is a fundamental Fourth Amendment principle, however, that neither a search warrant nor probable cause is required if valid consent to search, an exception to the constitutional requirements, is given. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041 (1973).

**{¶18}** In *United States v. Matlock*, 415 U.S. 164, 171-72, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Supreme Court held that when the government seeks to justify a warrantless search by proof of voluntary consent, in the absence of proof that consent was given by the defendant, it "may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." In describing what constitutes common authority, the Supreme Court explained, "[c]ommon authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property [.]" Id. at 171, n. 7, 94 S.Ct. 988. Rather, the Court said, common authority rests "on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." Id.

**{¶19}** In the case sub judice, we agree with the trial court that appellee's father did not have common authority in the residence in order to permit a search of appellee's home by consent. Appellee's father had no key to the house, had no property or possessions there and testified that he gave the house to his son after he moved out after living there for ten years. Appellee's father testified that he had had nothing to do with the house and had not resided there for 16 years. He testified that he allowed appellee control over the house and the premises. He testified that while he tried to exert ownership or control interest over the property as to who went in and lived there, he was not successful. There was no mutual use of the property by appellee and his father.

**{¶20}** Appellant contends that the officers reasonably believed, based on appellee's father's claim that he owned the house, that he had common authority legally sufficient to grant them access. Even if a third party does not possess common authority to consent to a search, the Fourth Amendment is not violated if the police reasonably relied on the third party's apparent authority to consent. *State v. Norman*, 12th Dist. Warren No. CA2014-02-033, 2014-Ohio-5084, ¶ 38. Apparent authority is judged by an objective standard. *Id.* A warrantless search based on apparent authority to consent is permissible if " 'the facts available to the officer at the moment [would] "warrant a man of reasonable caution in the belief" that the consenting party had authority over the premises.' " *Id.*, quoting *Illinois v. Rodriguez*, 497 U.S. 177, 1881, 110 S.Ct. 2793, (1990), in turn quoting *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868 (1968).

**{¶21}** There was testimony at the hearing that the officers knew that appellee was residing at the house, but never established that appellee's father was living at the address and that they did not know if he was actually living there. The officers never discussed with him whether he was living there or had ever resided there. Patrolman Kaufman, who entered the home first, was not called as a witness so there was no evidence of his belief in any common authority. Moreover, we agree with the trial court that the only information that the police had was that appellee's father owned the residence and that such information alone does not give the police a reasonable belief of common authority to justify the search of the home. The officers never confirmed who resided in the house before entering the same.

**{¶22}** We find that the trial court did not err in granting the Motion to Suppress.

**{¶23}** Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.